UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PAUL LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:10-cv-200-JMS-WGH |
| | ) | |
| KIM GRAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Paul Lewis brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, Dr. Alfred Talens and Nurse Kim Gray, were deliberately indifferent to his serious medical needs by failing to provide care for his glaucoma and other eye-related issues.

The defendants have moved for summary judgment.

**Summary Judgment Standard**

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **Fed.R.Civ.P. 56(c)** and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if

appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

To support an assertion that a fact cannot be, or is genuinely disputed, a party must (a) cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials, (b) show that the materials cited do not establish the absence or presence of a genuine dispute, or (c) show that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1)(A) and (B). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. Fed.R.Civ.P. 56(e).

Lewis has responded to the motion for summary judgment. His response initially consisted of a memorandum of law, his affidavit, and a bundle of documents. Lewis listed in his designation of evidence his affidavit, his medical records and a letter. The medical records and letter were not included with Lewis' summary judgment materials. The affidavits included with his summary judgment response were not signed under penalties for perjury and are therefore insufficient to support his response. Lewis later filed an affidavit and declaration that are signed under the penalties for perjury and those documents will be considered. Only those facts alleged in Lewis' response to the motion for summary judgment and supported by the evidence will be considered.

## Facts

On October 8, 2007, Lewis was transferred to the Wabash Valley Correctional Facility ("Wabash Valley"). At the time, Lewis had end-stage glaucoma in his left eye and an enucleated right eye. Defendant Alfred Talens, M.D. ("Dr. Talens"), who specialized in general surgery, was a treating physician at Wabash Valley.

Because Dr. Talens was neither an ophthalmologist nor an optometrist, he relied on outside consultations and experts to provide the appropriate care for Lewis' eye-related needs. Since his arrival at Wabash Valley, Lewis received eleven eye examinations by James Steward, O.D., who is an outside provider specializing in optometry, for his glaucoma related needs. Lewis had three outside consultations with ophthalmologists for his glaucoma related needs. Lewis received three outside ophthalmology consultations at Wishard Memorial Hospital's Eye Clinic for his glaucoma related needs. Additionally, Lewis received four consultations, per the recommendation of his outside ophthalmologists and optometrists, at Hetzler's Ocular Prosthesis in Indianapolis, Indiana, all in an effort to provide an artificial right eye.

Dr. Talens' treatment and care of Lewis' glaucoma and other eye-related needs was rather limited. On October 1, 2008, per the recommendation of Lewis' ophthalmologist, Dr. Talens submitted a consultation request for Lewis to be evaluated for a prosthesis for his missing right eye. Dr. Talens' consultation request did not meet criteria, and the Regional Medical Director approved a consultation for Lewis to receive a right eye-socket spacer instead. On February 18, 2009, per the recommendation of Lewis' ophthalmologists at Wishard Memorial Hospital's Eye Clinic, Dr. Talens submitted another consultation request for Lewis to be evaluated for a right eye prosthesis, which ultimately met criteria. On March 18, 2009, Dr. Talens submitted a medication request for Lewis to receive a refill of Alphagan, a glaucoma medication, which met criteria. On March 23, 2009, Dr. Talens examined Lewis and noted that his active medications included Alphagan, Timoptic, and Xalatan, all of which are glaucoma medications.

On April 2, 2009, Dr. Talens submitted a consultation request, per the recommendation of the ophthalmology physicians at Hetzler's Ocular Prosthesis in Indianapolis, for Lewis to return to Hetzler's to receive a custom fit right-eye prosthesis, which met criteria. On July 27, 2009, Dr. Talens submitted a medication refill request for Lewis' Alphagan and Xalatan prescriptions. On November 2, 2009 and January 25, 2010, during Lewis' chronic care examinations for various health issues, Dr. Talens continued Lewis" prescriptions for his glaucoma medications, *i.e.,* Alphagan, Xalatan, and Timoptic. On February 17, 2010, Dr. Talens again renewed Lewis' prescriptions for Alphagan, Xalatan, and Timoptic. On February 23, 2010, Dr. Talens prescribed Ibuprofen for Lewis' complaints of eye pain. On April 12, 2010, Dr. Talens submitted another medication refill request for Mr. Lewis" Alphagan. On April 19, 2010, during Mr. Lewis' chronic care examination for various health issues, Dr. Talens noted that Lewis remained under the care of an ophthalmologist for his glaucoma-related treatment.

On May 19, 2010, Dr. Talens prescribed Lewis Tylenol due to complaints of eye pain. On June 21, 2010, Dr. Talens renewed Lewis' prescriptions for his glaucoma medications, i.e. Alphagan, Xalatan, and Timoptic. On July 12, 2010, following another chronic care examination for various health issues, Dr. Talens continued Lewis' prescriptions for Alphagan, Xalatan, and Timoptic. On August 2, 2010, Dr. Talens prescribed Mobic for Lewis' complaints of eye pain. On November 1, 2010, during Lewis' chronic care examination, Dr. Talens continued all three of Lewis' glaucoma medications. On December 21, 2010, Dr. Talens submitted a medication request for a refill of Lewis' Alphagan prescription.

Lewis does not dispute the foregoing facts with admissible evidence.

The facts related to Nurse Gray are disputed. While Nurse Gray asserts that she played no role in Lewis' care, Lewis alleges that Nurse Gray refused to provide

him medication for his eyes and that she would call outside physicians and tell them what to do. Lewis states that because he did not get his eye drops, he has optic nerve damage.

## Discussion

Lewis' claim is that Talens and Nurse Gray exhibited deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 678-79 (7th Cir. 2008) (Prison officials violate the Eighth Amendment=s prohibition on cruel and unusual punishment if they respond with deliberate indifference to a prisoner=s serious medical need.). The parties do not dispute that Lewis' eye-related needs were serious. The question that remains is whether they were deliberately indifferent to those needs.

"[D]issatisfaction or disagreement with a doctor=s course of treatment is generally insufficient@ to sustain a claim of deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *see Lee v. Young*, 533 F.3d 505, 511 (7th Cir. 2008). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837 (1994) (construing *Estelle*). Additionally, a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (some quotations and internal citations omitted).

A court examines the totality of an inmate's medical care when determining whether defendants have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer,* 511 U.S. at 835; *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). McCloud is Aentitled to reasonable measures to meet a substantial risk of serious harm.@ *Forbes*, 112 F.3d at 267.

With respect to Dr. Talens, the undisputed facts show that Dr. Talens submitted three consultations for Lewis to be examined by eye specialists. Dr. Talens either renewed or submitted a medication request for Mr. Lewis' glaucoma medications on nine different occasions. Dr. Talens provided Mr. Lewis with three different prescriptions for medication to address his complaints of eye pain. Additionally, during Lewis' chronic care examinations for various health issues, Dr. Talens consistently noted that Lewis' active medications included all three of his glaucoma medications. Moreover, during the course of his incarceration at Wabash Valley, Lewis received twenty-one specialty consultations with either an ophthalmologist or an optometrist for his glaucoma and other eye-related care. In other words, Dr. Talens provided Lewis with access to an abundance of care for his eye-related issues. Dr. Talens' efforts do not rise to the level of deliberate indifference. Therefore, the defendants' motion for summary judgment must be granted with respect to Dr. Talens.

With respect to Nurse Gray, the facts are disputed. Nurse Gray alleges that she did not provide care to Lewis, while Lewis asserts that he refused to provide his eye drops. If Nurse Gray refused to provide Lewis treatment that had been prescribed, it could be concluded that she exhibited deliberate indifference to his serious medical need for eye care. Therefore, the motion for summary judgment is **denied** with respect to Lewis' claims against Nurse Gray.

## Conclusion

The defendants' motion for summary judgment [47] is **granted in part and denied in part**. The motion is granted with respect to claims against Dr. Talens and denied with respect to claims against Nurse Gray.

No partial final judgment will issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 03/15/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul Lewis
DOC #873084
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

All electronically registered counsel